ELLEN F. ROSENBLUM
Attorney General
JAMES S. SMITH  #840932
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: James.S.Smith@doj.oregon.gov

Attorneys for State Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MOYATA ANOTTA, an individual; and NW METALS, INC., an Oregon corporation,<br><br>Plaintiffs,<br><br>v.<br><br>OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY, an Oregon governmental regulatory agency; RICHARD WHITMAN, an individual; LEAH FELDON, an individual; NINA DECONCINI, an individual; DEREK SANDOZ, an individual; COURTNEY BROWN, an individual; and STEVE DIETRICH, an individual,<br><br>Defendants. | Case No. 3:22-cv-00953-YY<br><br>DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT<br><br>*Oral Argument Requested* |

**1.    Background**

The defendants moved for summary judgment, raising six distinct grounds for the

motion: 1) the statute of limitations; 2) claim preclusion; 3) lack of a property interest to support

Page 1 -    DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY
            JUDGMENT
        JSS/jl9/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

a procedural due process claim; 4) lack of racial animus to support an equal protection or Title VI claim; 5) lack of outrageous conduct to support plaintiffs' intentional infliction of emotional distress claim; and 6) qualified immunity.  Plaintiffs have responded to the motion with a disjointed Response which makes some argument but adds no relevant counter declarations or other facts.  The state defendants offer this Reply.

**2.    Discussion**

    a)    **Statute of Limitations**

In a confusing run-on paragraph at p. 3 of plaintiffs' Response, plaintiffs seem to be arguing that plaintiffs allege a "continuing violation", but also could be arguing the so-called "discovery rule".  The state defendants will address both; neither argument is sufficient to prevent summary judgment in favor of defendants on the limitations issue.

    i)    **"Continuing Violation"**

In response to the state defendants' limitations argument, plaintiffs respond: "Plaintiffs were made aware of a potential violation under USC 42 1983 by counsel on June 5th, 2020." ECF #60, p. 3.  Citing authority from another Circuit, plaintiffs' Response goes on to mention the doctrine of "continuing violation" and argues that "the statute of limitations ran anew everyday the defendants willfully denied plaintiffs constitutional rights to operate its shredder…".  ECF #60, p.3.

The case cited by plaintiffs is *Heard v Sheahan,* 253 F. 3d 316 (7th Cir. 2001).  In *Heard,* plaintiff was an inmate who alleged that prison officials had for years refused to repair a hernia that needed surgical intervention.  The defense contended that damages from the earliest events in the sequence were not recoverable, since claims based on those events were barred by the statute of limitations.  The court found in favor of plaintiff on the issue, concluding the injuries were the result of a continuous series of events.  Since it would be unfair to require plaintiff to sue separately over each incident of defendants' repeated misconduct, the court allowed recovery

Page 2 -    DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY
           JUDGMENT
      JSS/jl9/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

under a continuing violation theory.

Plaintiffs' claim of racial discrimination is completely dissimilar to the inmate's problem in *Heard*. If NW Metals' and Annota's contentions are true that DEQ discriminated against Anotta and NW Metals based on race, the discrimination (and the damages related thereto) all happened on the dates the agency made the permitting decisions of which plaintiffs complain. For the purposes of the limitations period, once the discrimination happens, and plaintiffs incur damages, the clock is ticking. Plaintiffs filed this case after the limitation period expired; the *Heard* case has no impact on the analysis of the limitations issue.

If the court were somehow inclined to accept plaintiffs' novel argument, it is important to note that there is no admissible evidence in the record that supports any contention raised in plaintiffs' Response. To prevail on this issue, plaintiffs would have to prove (at the very least): that DEQ unlawfully forced stoppage of the Arjes shredder March 3, 2020; that plaintiffs did not know of any constitutional violation until June 5, 2020; that plaintiffs were not made aware of a violation of their constitutional rights until June 5, 2020; and that the violation of plaintiffs' rights continued until March 24, 2021. All of these "facts" appear as argument in plaintiffs' briefing; there are no declarations containing admissible evidence to support any of these conclusions. Absent admissible evidence to support plaintiffs' contentions, the court cannot rule in plaintiffs' favor even if inclined to accept plaintiffs' novel argument.

### ii) Discovery Rule

Two sentences in plaintiffs' run-on paragraphs could be construed to be an assertion of the discovery rule. The second and third sentences of the run-on paragraph read as follows:

> "Statute of limitation starts to run when a plaintiff knows of the injury for the basis of the action. Plaintiffs were made aware of a potential injury and a violation of their civil rights under USC 42 1983 {*sic*} by counsel on June 5, 2020."

Because this language could be interpreted as an effort to assert the discovery rule, defendants will address the issue.

Page 3 -   DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT
           JSS/jl9/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Because it is inequitable to bar someone who has been harmed from seeking redress because they were unaware of the claim, the statute of limitations is generally tolled by the discovery rule. The statute of limitations only begins to run when plaintiff has knowledge of the "critical facts" of injury, which are that plaintiff has been harmed and who has inflicted an injury. *Bibeau v Pacific Northwest Research Foundation, Inc.,* 188 F.3d 1105 (9th Cir. 1999). Under the discovery rule, the cause of action accrues when plaintiff knows, or in the exercise of reasonable care should have known, facts which would make a reasonable person aware of a substantial possibility that the elements of their claim existed. *Martell v General Motors, LLC,* 492 F. Supp. 3d 1131 (D. Or. 2020). The discovery rule is judged from an objective standard which on what a reasonable person of ordinary prudence would or should have known. *Id.*

Plaintiffs' First Amended Complaint ("FAC") alleges no facts concerning the discovery rule. Plaintiffs' first assertion of anything related to the discovery rule comes in response to the defendants' Motion for Summary Judgment. There is simply a conclusory assertion that plaintiffs were made aware of a potential injury and violation of their civil rights by counsel on June 5, 2020. Plaintiffs' Response, p. 3. There are no declarations, deposition testimony or admissible evidence of any kind to support the naked assertion plaintiffs learned of their claim from counsel on June 5, 2020, or that they lacked knowledge of the claim before that date.

Plaintiffs' conclusory statements are insufficient to establish an issue of fact on the discovery rule. *Moradi v Recon Trust Company NA,* 2017 WL 3259798 (D. Or. 2017). "When the pleadings disclose that the action was not commenced within two years, it is necessary for plaintiff to negate the lack of diligence and set forth reasons why there was not earlier discovery." *Id.* at p. 3, quoting *Salem Sand & Gravel Co. v City of Salem,* 260 Or. 630 (1971).

It appears to be plaintiffs' contention that the discovery rule tolls the statute of limitations until counsel delivered an opinion that a civil rights claim existed (with no facts in the record, the contention is drawn from plaintiffs' brief). But the timing of counsel's opinion is not the stick by

Page 4 - DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT
JSS/jl9/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

which the discovery rule is measured. What the plaintiffs knew and when the plaintiffs knew it are the building blocks for a discovery rule argument. The lawyers who delivered the legal opinion must have learned the facts from their client. The extent and timing of plaintiffs' knowledge is what supports a discovery rule argument; plaintiffs have offered no facts to support a conclusion in their favor on the discovery rule.

Even if plaintiffs had supported their contention about the discovery rule with facts, the facts must be such that a reasonable trier of fact could find in plaintiffs' favor on the discovery rule issue. A reasonable trier of fact could not conclude for plaintiffs. Although plaintiffs contend they learned of the claim June 5, 2020, an email sent by plaintiff Anotta describes June 11, 2020, as "Day 100" of discrimination against plaintiffs (*See,* ECF #56 Ex. 5). If June 11, 2020, is "Day 100" of discrimination against plaintiffs, the facts concerning the discrimination were known to plaintiffs 94 days before June 5, 2020.

The case was commenced June 3, 2022. On its face, the FAC alleges claims based on events that happened more than two years before commencement. Plaintiffs have offered no facts or testimony that trigger the discovery rule and the "continuing violation" theory does not fit the facts of the case. The statute of limitations bars plaintiffs' claims, and the defendants are entitled to summary judgment.

    **b)**     **Claim Preclusion**

Plaintiffs contend claim preclusion does not apply because "the prior litigation initiated in 2019 had concluded". Plaintiffs' response, p. 3.

Plaintiffs' position is unsupported by the facts. The Circuit Court action filed by DEQ seeking an injunction and collection of fines was filed November 19, 2019. A permanent injunction and money judgment were entered August 11, 2021. If plaintiffs' contention that they learned of a civil rights claim on June 5, 2020, is accurate, plaintiffs had 14 months to amend their pleadings and raise the issue of racial discrimination in Circuit Court. That plaintiffs chose

Page 5 -   DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT
JSS/jl9/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

not to do so is curious, since a successful claim of racial discrimination would have impacted the Circuit Court's analysis of whether DEQ was entitled to an injunction and the collection of fines. Plaintiffs had ample opportunity to litigate their claims in the prior proceeding, but simply chose not to.

Just about every point plaintiffs make concerning the procedural due process, equal protection, and Title VI claims, highlights that this case is an effort to re-litigate claims that were or could have been litigated in prior proceedings. In addressing the state's due process position, plaintiffs argue that defendants withheld critical factual information from the Administrative Law Judge. In arguing about equal protection, plaintiffs contend DEQ ignored fires at other operators' facilities, most of which happened in the 2010s. Plaintiffs offer no explanation for why these issues were not litigated in the prior proceedings.

Claim preclusion exists to prevent re-litigation of claims that were or could have been raised in prior proceedings between the parties. Defendants are entitled to judgment based upon claim preclusion.

    c)    **Procedural Due Process**

Plaintiffs either do not understand the state's argument or intentionally ignore it.

To establish a property interest sufficient to support a procedural due process claim in a license or permit, the rule or statute which creates the permit right must leave little discretion to the licensing agency. OAR 340-216-0025, the administrative rule which applies to the issuance of an Air Contaminant Discharge Permit ("ACDP"), gives DEQ significant discretion in the type of permit to be issued and the terms that apply. Plaintiffs never address the rule or the issue of whether a property interest can be established, instead arguing issues that were decided by the ALJ years ago.

Plaintiffs cannot establish a protectible property interest in the ACDP and the state is entitled to judgment on the procedural due process claim.

Page 6 -   DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY
             JUDGMENT
JSS/jl9/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

### d)  Equal Protection / Title VI

Through the FAC and discovery responses, plaintiffs have repeatedly alleged that plaintiffs suffered disparate treatment based upon the race of ownership. In their Motion for Summary Judgment and the supporting papers, the defendants have established a non-discriminatory reason for the disparate treatment. To survive summary judgment and make an issue of fact on their equal protection and Title VI claims, plaintiffs must offer proof of racially discriminatory intent or purpose. Plaintiffs may establish a discriminatory purpose by producing direct or circumstantial evidence demonstrating a discriminatory reason that more likely than not motivated the defendants. *Ballou v McElvain,* 29 F. 4th 413 (9th Cir. 2022).

To meet this burden, plaintiffs offer argument concerning disparate treatment, but absolutely no direct or circumstantial evidence that shows racial animus. Disparate treatment without evidence of racially discriminatory intent or purpose does not establish a violation of equal protection. *Village of Arlington Heights v Metropolitan Housing Development Corp.,* 492 US 252 (1977). At p. 7 of plaintiffs' Response, there is argument that the defendants acted as they did because of racial animus, but at no point in any of plaintiffs' papers are there facts that support the argument. Plaintiffs offer nothing more than conclusions that racial animus motivated the defendants. To survive summary judgment, plaintiffs must set forth evidence from which a reasonable trier of fact could conclude by a preponderance of the evidence that defendants "acted in a discriminatory manner and that the discrimination was intentional". *Schreiner v City of Gresham,* 681 F. Supp 2d 1270 (D. Or. 2010), *quoting, Reese v Jefferson School Dist. 14J,* 208 F.3d 736 (9th Cir. 2000).

Summary judgment is plaintiffs' opportunity to offer some admissible evidence beyond disparate treatment to support the claim of racial discrimination. Plaintiffs have failed to offer any, and the defendants are entitled to summary judgment.

Page 7 -   DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY
           JUDGMENT
           JSS/jl9/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

e)  **IIED**

Plaintiffs contend the "discrimination" laid out in plaintiffs' materials in support of their Motion for Summary Judgment and "willful disregard of the law" constitute outrageous acts that support the claim for IIED. Since plaintiffs' materials lacked any factual support demonstrating discrimination, no IIED claim is stated.

Plaintiffs also try to pivot to argue that missing records make outrageous conduct. Absent are any facts showing the missing records to be an intentional act; therefore, the lost records do not constitute outrageous conduct to support an IIED claim.

f)  **Qualified Immunity**

The defendants' position is that each of the individual defendants are entitled to summary judgment because evidence is lacking to create an issue of fact on their conduct. Analysis of qualified immunity is a two-step process: 1) do the facts establish a violation of constitutional rights; and 2) was the right clearly established. *Pearson v Callahan,* 555 US 223 (2009). Defendants' motion papers point out the lack of evidence concerning the claims against each of the individual defendants.

One would expect plaintiffs' Response would point out the specific facts upon which plaintiffs rely to support the claim against each defendant. Instead, plaintiffs offer only general conclusory argument, without any reference to evidence that would create an issue of fact and without any reference to any of the six individual defendants.

As such, there are no issues of fact concerning the liability of the individual defendants and they are entitled to summary judgment.

g)  **"Discussions"**

Plaintiffs' brief goes on at length about "spoliation". The facts concerning this issue are sparse. In response to a public records request months before this case was commenced, DEQ Office Specialist 2 Betsy Everman went looking for records related to DEQ's relationship with

Page 8 -   DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT
JSS/jl9/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

NW Metals and did not find all that should have been found. There is no evidence concerning whether the documents were lost or destroyed, no evidence concerning the content of the documents, no evidence concerning the timing of when the documents went missing and no evidence of intentional conduct. Without evidence, plaintiffs conclude these records were destroyed and that the records contained evidence of racial animus.

The people of DEQ who interacted with NW Metals are experienced state employees with law or other advanced degrees. They understand that every time they write a document or email, they are creating a public record. It makes little sense to conclude (unsupported by facts), that such people would commit to the public record racially discriminatory content, then intentionally destroy the records. While it is theoretically possible such things happened, each of the subject workers was deposed, but never asked a question about the missing records or their personal conduct related thereto.

Spoliation is an evidentiary concept. If this matter should proceed to trial, the court would be faced with argument concerning the impact of the lost records and make a legal decision based upon the testimony of witnesses. Because plaintiffs have made no issue of fact on the substantive arguments raised by defendants, the court need not deal with spoliation on summary judgment.

//
//
//
//
//
//
//
//

Page 9 -   DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY
            JUDGMENT
    JSS/jl9/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

### 3. Conclusion

This case was not commenced within the time limited by statute. The case attempts to litigate issues that were or could have been litigated in prior proceedings. There is no property interest sufficient to support a procedural due process claim. There is no evidence of racial animus to support the equal protection or Title VI claims. Plaintiffs have offered no evidence of outrageous conduct. Plaintiffs have offered no facts to support the claims against the individual defendants. The defendants are entitled to summary judgment on multiple grounds.

DATED September 3, 2024.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/ James S. Smith*
JAMES S. SMITH #840932
Senior Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
James.S.Smith@doj.oregon.gov
Of Attorneys for State Defendants

Page 10 -  DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT
JSS/jl9/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**CERTIFICATE OF SERVICE**

I certify that on September  3 , 2024, I served the foregoing DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT upon the parties hereto by the method indicated below, and addressed to the following:

Moyata Anotta  
3744 NW Devoto Lane  
Portland, OR 97229  
*Pro se Plaintiff*

    HAND DELIVERY  
    MAIL DELIVERY  
    OVERNIGHT MAIL  
 X  E-MAIL  
    SERVED BY E-FILING

Roscoe C. Nelson  
Nelson & Nelson  
811 SW Naito Pkwy Ste 200  
Portland, OR 97204  
*Attorney for Plaintiff NW Metals, Inc.*

    HAND DELIVERY  
    MAIL DELIVERY  
    OVERNIGHT MAIL  
 X  E-MAIL  
    SERVED BY E-FILING

   *s/ James S. Smith*  
JAMES S. SMITH #840932  
Senior Assistant Attorney General  
Trial Attorney  
Tel (971) 673-1880  
Fax (971) 673-5000  
James.S.Smith@doj.oregon.gov  
Of Attorneys for State Defendants

Page 1 -   CERTIFICATE OF SERVICE  
JSS/ek4/499940474  

Department of Justice  
100 SW Market Street  
Portland, OR 97201  
(971) 673-1880 / Fax: (971) 673-5000