**Roscoe C. Nelson, Jr., OSB No. 732218**
Email: attorneys@roscoenelson.com
Nelson & Nelson
811 SW Naito Parkway, Suite 200
Portland, Oregon 97204
Telephone:    503.222.1081

  Of Attorney for NW Metals Inc


**Moyata Anotta**
Email: anottam@gmail.com
3744 NW Devoto Ln
Portland, Oregon 97229
Telephone:    503.367.6955

  Plaintiff Pro Se


Ellen F. Rosenblum
Attorney General
**James S. Smith, OSB No. 840932**
Email: james.s.smith@doj.state.or.us
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone:    971.673.1880

  Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**1**
**PLAINTIFFS' REPLY TO DOCKET 65**

| | |
|---|---|
| MOYATA ANOTTA, an individual; and NW METALS, INC., an Oregon corporation,<br><br>      Plaintiffs,<br><br>  v.<br><br>OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY, an Oregon governmental regulatory agency; RICHARD WHITMAN, an individual; LEAH FELDON, an individual; NINA DECONCINI, an individual; DEREK SANDOZ, an individual; COURTNEY BROWN, an individual; and STEVEN DIETRICH, an individual,<br><br>      Defendants. | Case No. 3:22-cv-00953-YY<br><br>**PLAINTIFFS' REPLY TO DOCKET 65** |

It appears that the defendants' are engaged in an attempt to divert the focus away from the issue at hand in this matter. The issue in question is; 1. Did the defendants' unlawfully force stoppage of Plaintiffs' shredder operation in 2020?  2.  Did Defendants' allow similarly situated white-owned facilities that would, under defendants' rationale likewise be non-compliant to continue operating without a Simple ACDP permit?. Defendants' in their discussion have

provided arguments irrelevant to the core issue alleged by plaintiffs. Plaintiffs will reply to allegations it believes requires a reply.

### Discussion:

A. Defendants allege that Plaintiffs' claim of racial discrimination is completely dissimilar to the inmate's problem in *Heard.*

**Reply:** The medical malpractice discovery accrual rule is the governing accrual rule for section 1983 claims, which mean the statute of limitation begins when the plaintiff knew or had reason to know of the injury. Plaintiffs were made aware of the injury on June 5, 2020.

B. Defendants discussed an email sent from plaintiff to defendants' to mean that plaintiffs knew the injury on March 3rd, 2020.

**Reply:** The 100 days of discrimination plaintiffs referred to in the June 11th, 2020 email is the number of days from March 3rd, 2020 to June 11th 2020 that plaintiffs' did not operate the shredder. Plaintiffs' were not in any way referring to when they knew of the injury as they had no knowledge of the violation until being informed of the injury on June 5th, 2020.

C. Defendants allege that there is no property interest sufficient to support a procedural due process claim, there is no evidence of racial animus to support the equal protection or Title VI claims, Plaintiffs have offered no evidence of outrageous conduct.

**Reply**: Plaintiffs' response to defendants' allegations above is laid out in Plaintiffs' memorandum in support of its motion for summary judgment[docket 39] and its response to defendants' motion for summary judgment[docket 61].

As a recap, Section 1983 of 42 U.S.C. states as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress…"

To state a Section 1983 claim, the plaintiff is required to allege that (1) the conduct complained of was committed by a person acting under the color of state law; and (2) the conduct deprived the plaintiff of a constitutional right.

To establish a claim pursuant to Section 1983, a plaintiff must only "demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that alleged deprivation was committed by a person acting under the color of state law."

In Monell v. New York Department of Social Services, the Supreme Court held that governments could be persons under the language of Section 1983.

The Third Circuit has stated that the defendants bear the burden of proof on qualified immunity. See, *e.g., Burns v. PA Dep't of Corrections, 642 F. 3d 163, 176 (3d Cir. 2011)*

D.  Defendants allege there is no evidence concerning whether the documents were lost or destroyed, no evidence concerning the content of the documents, no evidence concerning the timing of when the documents went missing and no evidence of intentional conduct.

4
**PLAINTIFFS' REPLY TO DOCKET 65**

**Reply:** Facts and evidence regarding the lost or destroyed documents have been laid out in detail in Plaintiffs Memorandum in support of its motion for summary judgment and subsequent responses to defendant's motion for summary judgment. Below is a recap.

a. See exhibit 44(memorandum) regarding missing communication regarding the ACDP. Elizabeth Everman testified that the memorandum to be accurate. See, [docket 39 exhibit 33, page 18 line 4-19]

b. Elizabeth Everman testified that documents regarding the Plaintiffs' ACDP went missing.

c. David Graiver testified that ESI were deleted or destroyed

d. Defendants' upon multiple requests by plaintiffs' failed to provide documents/communication they stated was available between the defendants' and The House Representative in violation of discovery rules.

e. Defendants stated that there are no responsive documents regarding plaintiffs' request for production of folder 1109. Evidence indicated that the folder exists but was not provided in violation of discovery rules.

**Conclusion:**

Defendants' throughout their arguments are engaged in arguing issues that are irrelevant to this matter in an attempt to divert attention from the real issue at hand . Defendants' have requested an oral argument. The facts and the matter of law as laid out by plaintiffs' are straightforward with no ambiguity. Any arguments the defendants' intends to present will not change the facts and the law as laid out in plaintiffs' Motion for summary judgment as well as plaintiffs' response to defendants' motion for summary judgment. As such, oral arguments by defendants' is just another attempt to delay the outcome of this matter based on the facts and a matter of law presented by plaintiffs'. The court should grant plaintiffs' motion for summary judgment.

DATED September 9th, 2024.

Respectfully submitted,

Moyata Anotta, Plaintiff

*S/ Moyata Anotta*

Tel (503) 367-6955

anottam@gmail.com

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing **PLAINTIFF'S REPLY TO DOCKET 65** was served on:

James S. Smith
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201

*Attorneys for Defendants*

☐ By hand delivery
☐ By first-class mail*
☐ By overnight mail
☐ By facsimile transmission
　　Fax #: _____
☒ By e-mail:
　　james.s.smith@doj.state.or.us

Dated: September 9th, 2024

MOYATA ANOTTA

　/s/moyata anotta