**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 15 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOYATA ANOTTA; NW METALS, INC., an Oregon corporation, <br><br>       Plaintiffs - Appellants, <br><br>   v. <br><br> OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY, an Oregon governmental regulatory agency; RICHARD WHITMAN; LEAH FELDON; NINA DECONCINI; DEREK SANDOZ; COURTNEY BROWN; STEVE DIETRICH, <br><br>       Defendants - Appellees. | No. 25-2517 <br><br> D.C. No. 3:22-cv-00953-YY <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Youlee Yim You, Magistrate Judge, Presiding

Submitted June 11, 2026[**]
Portland, Oregon

Before: CHRISTEN, HURWITZ, and BADE, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

NW Metals, Inc. and Moyata Anotta ("Plaintiffs"), a Black-owned business and an officer of that business, assert that the Oregon Department of Environmental Quality ("DEQ") and six of its officials required them to obtain an Air Contaminant Discharge ("ACD") Permit to operate an automobile shredder but exempted white-owned businesses from that requirement. Their operative complaint asserted 42 U.S.C. § 1983 claims based on violations of the Equal Protection and the Due Process Clauses, a Title VI claim, and an Oregon common law claim for intentional infliction of emotional distress. The district court granted summary judgment to the defendants, and Plaintiffs timely appealed.

We have jurisdiction under 28 U.S.C. §1291. We review de novo an order granting summary judgment, *Day v. Henry*, 152 F.4th 961, 967 (9th Cir. 2025), including a determination that claims are barred by the statute of limitations, *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1194 (9th Cir. 2014). We affirm.

1. For 42 U.S.C. § 1983 and Title VI claims, we apply the forum state's statute of limitations for personal injury actions. *See id.* at 1198; *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (per curiam). In Oregon, that is two years, the same as for intentional infliction of emotional distress. *See* Or. Rev. Stat. § 12.110(1).

Plaintiffs' claims accrued more than two years before this action was filed on June 3, 2022. DEQ first demanded that Plaintiffs apply for an ACD Permit almost

25-2517

four years before, in August 2018. And the most recent injury Plaintiffs identify is a state court injunction issued on March 3, 2020, requiring that NW Metals obtain the permit.[1]

Recognizing that the injunction was issued over two years before this action was filed, Plaintiffs maintain that they only learned of it on June 5, 2020, because of the Covid-19 pandemic. *See Htaike v. Sein*, 344 P.3d 527, 534 (Or. Ct. App. 2015) (explaining that the limitations period under § 12.110(1) accrues from the earlier of "the date of the plaintiff's actual discovery of injury" or "the date when a person exercising reasonable care should have discovered the injury" (cleaned up)). But as the district court noted, Anotta emailed DEQ on June 11, 2020, stating that "[t]oday is day 100 of discrimination and injustice against NW Metals Inc.," and the injunction was issued precisely one hundred days before the email. In any event, Plaintiffs were aware of state action against them and surely would have known of the injunction had they exercised reasonable care. *See id.*

2. The continuing violations doctrine does not apply because Plaintiffs have identified neither "a series of related acts" nor "a discriminatory system." *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746 (9th Cir. 2019) (per curiam) (cleaned up).

---

[1]    Although DEQ's issuance of an ACD Permit for NW Metals occurred less than two years prior to the filing of the complaint, Plaintiffs do not mention that permit in their operative complaint or appellate briefing, let alone assert that the issuance injured them. *See Bolin v. Davis*, 13 F.4th 797, 809 n.4 (9th Cir. 2021) ("By not raising these arguments in his opening brief, [Appellant] has forfeited them.").

25-2517

Their allegation of a single instance of discrimination—DEQ suing NW Metals but not three other allegedly noncompliant white-owned businesses—does "not create a pattern of discrimination without more." *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 701 (9th Cir. 2009). And Plaintiffs acknowledge that the white-owned businesses were also required, like NW Metals, to obtain an ACD Permit after the agency reinterpreted the relevant regulation.

**AFFIRMED.**

25-2517